# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEAONE SHASHAWN BELL, # B-59870, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16-cv-997-SMY |
| KIMBERLY BUTLER, KENT BROOKMAN, and ANTHONY WILLS, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Teaone Shashawn Bell filed this action while he was incarcerated at Pontiac Correctional Center, complaining that his due process rights were violated in a disciplinary action that took place while he was a prisoner at Menard Correctional Center ("Menard"). He has since notified the Court that he has been released from incarceration. (Doc. 7).

Bell's original Complaint was dismissed on December 22, 2016 for failure to state a claim upon which relief may be granted. (Doc. 5). The Court characterized his single claim as follows:

> **Count 1:** Fourteenth Amendment claim for deprivation of a liberty interest without due process, for punishing Plaintiff with 6 months in segregation based on no evidence other than the reporting officer's statement.

Bell was granted leave to file an Amended Complaint in order to re-plead the claim designated as Count 1. He filed his First Amended Complaint on January 13, 2017 (Doc. 6) which is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-

meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the Bell pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Bell's First Amended Complaint, the Court

concludes that it also fails to state a claim upon which relief may be granted. This action is therefore subject to summary dismissal under § 1915A.

## The First Amended Complaint

In support of his due process claim (Count 1), Bell offers similar allegations to those he presented in the original pleading: Brookman and Wills allegedly violated his due process rights "when they denied Bell a fair hearing by an impartial hearing body" on April 21, 2015. (Doc. 6, p. 5).[1] They found Bell guilty "without any evidence[2] to substantiate their decision," and subjected him to 6 months in disciplinary segregation in a small cell, along with 6 months of commissary restriction and a C-grade demotion.

In addition to the original due process claim, the First Amended Complaint includes a second claim asserting that the conditions in Bell's segregation cell constituted cruel and unusual punishment. (Doc. 6, p. 5). He asserts that the cell was small, encased with steel, concrete, and glass, without proper ventilation during the "extremely hot Summer heat." *Id.* He was denied cleaning supplies such as a broom and mop. In order to clean the cell, Bell swept up dirt and dust with a washcloth while on his hands and knees. He developed a skin rash on both forearms and on the back of his hands, which required medical treatment. He complained to Warden Butler via a grievance, but got no response. Bell also complains that during his segregation time, he was allowed only one shower per week, was given yard time only once per week, and was restrained with his hands behind his back each time he was escorted out of his cell. (Doc. 6, p. 6).

As relief, Bell requests compensatory and punitive damages. (Doc. 6, p. 7). Notably, he

---

[1] Plaintiff repeats this assertion on page 6 of the Amended Complaint, but there he identifies the Defendants as Brookman and *Hart*. Hart is not included as a party in the instant case.
[2] In Plaintiff's original Complaint, he stated that the only evidence supporting his guilt was the "reported observation provided from the disciplinary report by the reporting employee." (Doc. 1, p. 5; *see* Doc. 5, pp. 3, 4-5). The Amended Complaint omits this factual statement.

3

ties his prayer for relief to an allegation that he was subjected to *120 days* of disciplinary segregation as a result of the Defendants' actions. *Id.* This is in contrast to his assertion that Brookman and Wills recommended that he be punished with 6 months (or 180 days) in segregation.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Fourteenth Amendment claim against Brookman and Wills for deprivation of a liberty interest without due process, for punishing Bell with either 6 months or 120 days in disciplinary segregation based on no evidence other than the reporting officer's statement;
>
> **Count 2:** Eighth Amendment claim against Brookman, Wills, and Butler, for causing Bell to be confined in a small segregation cell under conditions that violated the prohibition against cruel and unusual punishment.

Each of the above counts fails to state a claim upon which relief may be granted. Therefore, this action shall be dismissed.

## Count 1 – Deprivation of a Liberty Interest Without Due Process

The Court previously dismissed this claim, in part because Bell failed to set forth any factual allegations to support his conclusion that the hearing panel was not impartial. The Amended Complaint suffers from the same flaw.

In the Order dismissing the original Complaint, this Court explained:

In *Wolff v. McDonnell*, 418 U.S. 539, 556-72 (1974), the Supreme Court outlined

the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation or is otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. Specifically, *Wolff* requires that the inmate must be given advance written notice of the charge against him, the right to appear before an impartial hearing panel to contest the charge, the right to call witnesses if prison safety allows, and a written statement of the reasons for the discipline imposed. Bell's only assertion of a possible violation of the *Wolff* standards is his claim that Brookman and Wills were not impartial. However, he does not support this claim with any facts, other than the fact that he was found guilty and he does not mention any other deprivation of due process.

(Doc. 5, p. 4). In the Amended Complaint, Bell again offers only his own bare conclusion, devoid of any factual support, that the committee (composed of Brookman and Wills) was not an impartial hearing body. A conclusory legal statement such as this is insufficient to support a claim for violation of due process rights. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Bell's only other allegation in support of his due process claim is that Brookman and Wills found him guilty "without any evidence to substantiate their decision." (Doc. 6, p. 5). As the Court noted in the first Merits Review Order (Doc. 5, pp. 4-5), a disciplinary decision must be supported by "some evidence" in order to meet due process concerns. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). However, the "some evidence" standard is a low threshold – even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

The Amended Complaint asserts that there was *no* evidence to support the guilty finding – but this assertion is belied by Bell's statement in his original pleading that there indeed was some evidence in support. (Doc. 1, p. 5). That statement constitutes a judicial admission, which Bell may not escape by merely omitting it from his subsequent pleading. *See Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010) ("A judicial admission is a statement, normally in a pleading, that negates a factual claim that the party making the

5

statement might have made or considered making."). Bell originally stated that Brookman and Wills relied on the reporting officer's observations recorded in the disciplinary report issued against him. This is sufficient to fulfill the requirement that "some evidence" must support the guilty finding in a disciplinary proceeding. Thus, it appears that Bell received the process that he was due in the disciplinary hearing. Accordingly, the First Amended Complaint fails to state a Fourteenth Amendment claim against Brookman and Wills.

Because Bell has not pled any facts to support the proposition that his disciplinary hearing ran afoul of the procedural requirements set forth in *Wolff v. McDonnell* or the evidentiary standard explained in *Black v. Lane*, it is not necessary for the Court to determine whether the duration combined with the conditions of his disciplinary confinement potentially deprived Bell of a protected liberty interest. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). *See also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (inmate has a due process liberty interest in being in the general prison population only if the conditions of disciplinary confinement impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life."); *also Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997) (in light of *Sandin*, "the right to litigate disciplinary confinements has become vanishingly small").

That said, Bell's allegations regarding the conditions of his punitive confinement do not suggest that he was subjected to "atypical and significant hardships" in comparison to the conditions he would have faced in administrative segregation. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) (housing inmate behind a solid cell door with an aggressive cellmate, and limiting him to once-a-week access to the shower and prison yard, did not represent an "atypical and significant hardship"). Similar to the plaintiff in *Hardaway*, Bell

6

claims that his cell was poorly ventilated during the heat of summer, and that he was allowed shower and yard access only once per week. He further alleges that he was unable to satisfactorily clean his cell, but does not claim that the cell was contaminated with anything more dangerous than ordinary dirt, dust, and bacteria. Bell's final complaint – that he was restrained with his hands behind his back when moving outside his segregation cell – suggests an ordinary prison security precaution, not an atypical or significant hardship.

To summarize, nothing in the First Amended Complaint supports a viable claim that Bell was deprived of a protected liberty interest without due process. His disciplinary hearing was free from constitutional flaws. This factor alone defeats his claim. Additionally, the conditions of his segregation cell (whether he spent 120 days or 180 days there) did not rise to the level of an "atypical or significant hardship" that would implicate due process concerns. **Count 1** therefore fails to state a claim upon which relief may be granted, and shall be dismissed with prejudice.

### Count 2 – Unconstitutional Conditions of Confinement[3]

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison conditions that result in an unquestioned and serious deprivation of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

---

[3]Bell did not include an Eighth Amendment claim in his original Complaint, but has taken the liberty of adding it to the First Amended Complaint.

The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions. *Farmer*, 511 U.S. at 842. It is well-settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Bell alleges that his small cell was not properly ventilated during the heat of summer. He does not further elaborate on this conclusory statement by, for example, describing the approximate temperatures in the cell, indicating whether he suffered any ill effects on his health as a result of the improper ventilation and heat, or submitting any other facts suggesting that the cell conditions posed an unquestioned and serious risk to his health or safety. Prisoners have the right to adequate cell ventilation. *See Board v. Farnham*, 394 F.3d 469, 486-87 (7th Cir. 2005) (collecting cases). However, Bell does not supply any factual allegations to support an inference that the conditions created an objectively serious risk of harm sufficient to raise a constitutional concern. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint must plead enough facts to state a plausible claim).

Bell also complains that he was unable to clean the dirt and dust from his cell because some prison official (whom he does not identify) failed to give him cleaning supplies. He also claims that he developed a skin rash on his forearms and hands, which led him to seek medical treatment. These allegations indicate that the conditions affected Bell's health. However, Bell does not claim that the skin rash posed an excessive risk to his health. The allegations regarding the uncleanliness of Bell's cell do not suggest that he was exposed to an unconstitutional level of

risk, when compared to cases in which the Seventh Circuit recognized a viable Eighth Amendment claim. *See Vinning-El v. Long*, 482 F.3d 923, 924-25 (7th Cir. 2007) (reversing summary judgment where prisoner was held for six days without sanitation items in cell contaminated with human waste and in which sink and toilet did not work); *Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir. 1989) (reversing summary judgment where prisoner denied cleaning supplies and confined for three days to cell that was smeared with human waste and lacked running water). *See also Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (internal citations omitted) ("An objectively 'sufficiently serious' risk . . . is one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency [such as] the acute risks posed by exposure to raw sewage. . . .").

Bell's additional allegations that his shower and yard privileges were limited to once per week are likewise insufficient to support an Eighth Amendment claim. *See Davenport v. DeRobertis*, 844 F.2d 1310, 1316-17 (7th Cir. 1988) (one shower per week for inmates in segregation is constitutionally sufficient); *Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986) (mere discomfort and inconvenience do not implicate the Constitution). The Seventh Circuit has noted that a "[l]ack of exercise could rise to a constitutional violation where movement is denied and muscles are allowed to atrophy, and the health of the individual is threatened." *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied*, 479 U.S. 817 (1986). *See also Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001) (collecting cases) (exercise is "a necessary requirement for physical and mental well-being," but a short term denial of exercise does not violate the Constitution). Here, Bell had once-weekly access to the yard, and he did not indicate that he was unable to engage in any physical activity or exercise while confined to his cell.

9

Finally, the use of restraints to secure Bell's hands behind his back while he was escorted out of his cell does not remotely suggest an unconstitutional risk to Bell's health or safety. He describes no danger or ill effects from this routine security measure.

In summary, the factual allegations in the First Amended Complaint do not support a claim that the objective conditions of Bell's confinement in segregation imposed an unconstitutional risk to his health or safety. He therefore has not met the first (objective) element of an Eighth Amendment claim.

Even if the conditions had been objectively serious enough to implicate the Eighth Amendment, the First Amended Complaint does not sufficiently allege the subjective component of a conditions claim – that Defendants were aware of the conditions yet failed to take steps to mitigate them. Bell does not allege that he notified Brookman or Wills about the conditions in his segregation cell, or that either of these officers would have been responsible for correcting any problems with the cell if they had known of them. Thus, there is no factual support for a claim that Brookman or Wills was deliberately indifferent to a risk to Bell's health or safety.

Bell does claim that he complained about the cell conditions to "Butler and her administration, through the Illinois Department of Corrections grievance procedure[.]" (Doc. 6, p. 6). However, this assertion does not compel a conclusion that Butler herself was personally made aware of the poor ventilation, hot temperature or need for cleaning supplies in Bell's cell. Bell used the grievance procedure, but he does not state that he submitted any grievance or other complaint directly to Butler. In light of Bell's assertion that he did not receive a response to his grievance from Butler, the Court cannot simply assume that Butler read the grievance. Unless Bell presents some facts to show that Butler had actual knowledge of the cell conditions but failed to take action, he cannot maintain a claim that she was deliberately indifferent to those

conditions.

For these reasons, the Eighth Amendment claim in **Count 2** shall also be dismissed for failure to state a claim upon which relief may be granted. The dismissal of this claim shall be without prejudice. Because neither of Bell's claims survives threshold review under 28 U.S.C. § 1915A, the entire action shall be dismissed.

### Disposition

**COUNT 1** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

For the reasons stated above, this action is **DISMISSED** for failure to state a claim upon which relief may be granted.

Bell is **ADVISED** that this dismissal shall count as a "strike" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998).

Bell's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Bell wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Bell does choose to appeal, he will incur the obligation to pay the $505.00 appellate filing fee. *See* FED. R. APP. P. 3(e). Moreover, Bell shall note that he has "struck out" since the filing of this action, thus he is

no longer eligible to proceed *in forma pauperis* ("IFP") in an action or appeal while he is a prisoner, unless he demonstrates that he is under imminent danger of serious physical injury.[4] A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 5/1/2017**

    s/Staci M. Yandle
United States District Judge

---

[4] Plaintiff has accumulated three "strikes" within the meaning of § 1915(g) as a result of other actions filed prior to this case: *Bell v. Paladino*, No. 15-cv-2525 (N.D. Ill. dismissed June 27, 2015); *Bell v. Butler, et al.*, No. 16-cv-201 (S.D. Ill. dismissed Sept. 1, 2016); and *Bell v. Butler, et al*, No. 16-cv-175 (S.D. Ill. dismissed Nov. 7, 2016). The instant action was filed on September 1, 2016, before Plaintiff "struck out," thus he was still eligible to proceed *in forma pauperis* in the present case at the district court level.